IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00027-03-CR-W-ODS |
| WOODROW MCCOY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On October 24, 2011, I held a change-of-plea hearing after this case was referred to me by the United States District Judge. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On February 3, 2010, an indictment was returned charging defendant with one count of using a firearm during a bank robbery, in violation of 18 U.S.C. § 924(c), and one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This case was referred to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on October 24, 2011. Defendant was present, represented by Susan Hunt. The government was represented by Assistant United States Attorney Bruce Clark. The proceedings were recorded and a transcript of the hearing was filed on December 12, 2011.

### II. AUTHORITY OF THE COURT

Although the issue has not been widely litigated, the several courts faced with the question of whether a United States Magistrate Judge has authority to conduct a change-of-plea hearing have held that there is such authority. Determining whether a judicial duty is properly delegable to a Magistrate Judge requires a two-part analysis: First, it must be

determined whether Congress intended for Magistrate Judges to perform the duty in question, and second, it must be determined whether the delegation of the duty to a Magistrate Judge "offends the principles of Article III of the Constitution." United States v. Dees, 125 F.3d 261, 264 (5th Cir. 1997), cert. denied, 522 U.S. 1152 (1998).

Although the Magistrates Act, 28 U.S.C. § 636, does not specifically mention change-of-plea hearings, it provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Courts have used this language to conclude that plea allocutions do not differ markedly from other duties performed by Magistrate Judges and therefore are assignable to them under the Act. See United States v. Dees, 125 F.3d at 265; United States v. Ciapponi, 77 F.3d 1247, 1251 (10th Cir.), cert. denied, 517 U.S. 1215 (1996); United States v. Williams, 23 F.3d 629, 633 (2nd Cir.), cert. denied, 513 U.S. 1045 (1994); United States v. Rojas, 898 F.2d 40, 42 (5th Cir. 1990).

The courts making the above determination also found that referring cases to Magistrate Judges for change-of-plea hearings was not in conflict with Article III of the Constitution. "Because the district court retained full authority to review and reject the magistrate judge's recommendation, the delegation did not exceed the scope of magisterial authority contemplated by the Act. . . . A district court has the power to review de novo a magistrate's taking of a guilty plea, and it can reject the plea if it finds a problem in the allocution." United States v. Dees, 125 F.3d at 265. In addition, the district court has "unfettered authority to review a magistrate judge's recommendation regarding the voluntariness of a plea." Id.

Based on the above, I find that the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and

recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. On February 3, 2010, an indictment was returned charging defendant with one count of using a firearm in connection with a crime of violence, i.e., bank robbery, in violation of 21 U.S.C. § 924(c), and one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Tr. at 5). Defendant understood the charges in the indictment (Tr. at 5).

2. The statutory penalty for the § 924(c) violation is not less than 25 years in prison and up to life in prison, a fine of up to $250,000, a supervised release term of not more than five years, and a mandatory $100 special assessment (Tr. at 6).

3. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 7);

    c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7);

    d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7);

    e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 7-8);

f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 8); and

g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 10). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 10). Defendant stated that he understood (Tr. at 10).

6. Defense counsel stated that she reviewed the government's file (Tr. at 10-11). Government counsel stated that its evidence would show that on January 27th of 2010, defendant and another individual alleged in the Indictment, Michael Scott, entered the Commerce Bank in Parkville, Missouri. At that time, defendant and Mr. Scott were both armed. Defendant had a pistol and he directed the bank employees to get back into the vault area. Once he was back in the vault area, he directed Ms. Vu to open the vault or he directed someone to open the vault and Ms. Vu is the one who did. She opened the vault. He took the money out of the vault into a bag. Mr. Scott came into the bank and also went back behind the teller booth -- teller line and walked through the vault area with defendant. They took approximately $110,000 from the Commerce Bank. They were both armed at that time. They left the bank and a pursuit occurred, during which a sergeant of the Kansas City, Missouri, Police Department was following the tracker that was in the money. They proceeded from Kansas City, Missouri, into Kansas City, Kansas, with the officer in pursuit. Eventually they ended up crashing the car. The money was found in the car and both of the firearms were

4

found in the car. Defendant escaped from the scene. In order to get away, he stole a car from another individual, Mr. Woodard. He took that car and left that area. He was arrested the next day. Upon his arrest the next day, he had Mr. Woodard's key in his pocket. The bank was insured by the FDIC. The firearms were both recovered from the vehicle. (Tr. at 11-12).

    7.    Defense counsel agreed that her review of the evidence and her independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10-12).

    8.    Defendant was placed under oath (Tr. at 12) and admitted the following: That on or about January 27, 2010, he was within the Western district of Missouri and engaged in a bank robbery of the Commerce Bank in Parkville, Missouri. He had a handgun with him and was using it for the purpose of encouraging the employees of the bank to comply with his demands to turn over approximately $110,200 that was in the bank's custody. Defendant agrees that this was a crime of violence and he did these acts knowingly and intentionally. Defendant had a prior conviction for a crime of violence back in 1993 in the District of Kansas (Tr. at 13-15).

    9.    Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 15-20). In addition, I went over the plea agreement with defendant during the change-of-plea hearing (Tr. at 15-20).

    10.    No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 20).

    11.    Defendant is satisfied with the advice and guidance he has received from Ms. Hunt (Tr. at 20). There is nothing Ms. Hunt has done that defendant did not want her to do, and there is nothing he wanted Ms. Hunt to do that Ms. Hunt has not done (Tr. at 20-21).

12. Defendant is 38 years of age and has a GED (Tr. at 21). He can read, write, and understand English (Tr. at 21). He was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing, and he has no mental health issues (Tr. at 21).

13. Defendant tendered a plea of guilty to the crime charged in count six of this indictment (Tr. at 22).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for using a firearm in connection with a crime of violence are: (1) defendant committed the crime of bank robbery, and (2) defendant knowingly possessed a firearm in furtherance of that crime.

Eighth Circuit Model Criminal Jury Instruction No. 6.18.924.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in count six of this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 16, 2011